# EXHIBIT 1

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
10/21/2024
CT Log Number 547599528

## Service of Process Transmittal Summary

**TO:** Legal Sop
Best Buy Enterprise Services, Inc.
7601 PENN AVE S
RICHFIELD, MN 55423-3683

**RE:** **Process Served in Illinois**

**FOR:** Best Buy Co., Inc. (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: OSCAR HAMERA, individually and on behalf of all similarly situated individuals // To: Best Buy Co., Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint and Demand, Motion, Memorandum, Certificate, Attachment |
| **COURT/AGENCY:** | Cook County Circuit Court - Chancery Division, IL<br>Case # 2024CH09493 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - Asus 14 Vivobook, Model: X1404ZA-138128 |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/21/2024 at 15:59 |
| **JURISDICTION SERVED:** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons, not counting the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Timothy P. Kingsbury<br>KINGSBURY LAW LLC<br>8 S. Michigan Ave., Ste. 2600<br>Chicago, IL 60603<br>312-291-1960 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/22/2024, Expected Purge Date: 10/27/2024<br><br>Image SOP<br><br>Email Notification, Legal Sop ctlegalsop@bestbuy.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
10/21/2024
CT Log Number 547599528

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Oct 21, 2024
**Server Name:** Larry Biela

| | |
|---|---|
| Entity Served | BEST BUY CO., INC. |
| Case Number | 24 CH 09493 |
| Jurisdiction | IL |

| Inserts | | |
|---|---|---|
| | | |

FILED
10/17/2024 2:06 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH09493
Calendar, 16
29823923

FILED DATE: 10/17/2024 2:06 PM 2024CH09493

**2120 - Served** **2121 - Served**
**2220 - Not Served** **2221 - Not Served**
**2320 - Served By Mail** **2321 - Served By Mail**
**2420 - Served By Publication** **2421 - Served By Publication**
**Summons - Alias Summons** **(08/01/18) CCG 0001 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

OSCAR HAMERA, on behalf of a class,

(Name all parties)

v.

BEST BUY CO., INC.

**c/o C T Corporation System**
**208 S. LaSalle St., Suite 814**
**Chicago, IL 60604**

Case No. 2024CH09493

☒ **SUMMONS** ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

FILED DATE: 10/17/2024 2:06 PM 2024CH09493



**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.**

Atty. No.: 101695

Atty Name: Timothy P. Kingsbury

Atty. for: Plaintiff

Address: 8 S. Michigan Ave., Ste. 2600

City: Chicago

State: IL Zip: 60603

Telephone: 312-291-1960

Primary Email: tim@kingsburylawllc.com

Witness: ______________________

10/17/2024 2:06 PM IRIS Y. MARTINEZ

DOROTHY BROWN, Clerk of Court

Date of Service: __________
(To be inserted by officer on copy left with Defendant or other person):

CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED DATE: 10/17/2024 2:06 PM 2024CH09493

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- ○ Richard J Daley Center
  50 W Washington
  Chicago, IL 60602
- ○ District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077
- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008
- ○ District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153
- ○ District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455
- ○ District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428
- ○ Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607
- ○ Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602
- ○ Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

**Daley Center Divisions/Departments**

- ○ Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ☒ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm
- ○ Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

FILED
10/16/2024 9:45 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH09493
Calendar, 16
29795777

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| OSCAR HAMERA, individually and on behalf of all similarly situated individuals, | ) | |
| *Plaintiff*, | ) | No. 2024CH09493 |
| v. | ) | Hon. |
| BEST BUY CO., INC., a Minnesota corporation, | ) | |
| *Defendant*. | ) | |

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

**CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Oscar Hamera ("Plaintiff"), individually and on behalf of a class of similarly situated persons, brings this Class Action Complaint against Defendant Best Buy Co., Inc. ("Defendant" or "Best Buy") and alleges as follows based on personal knowledge as to himself and his own acts and experiences, and as to all other matters, on information and belief, including an investigation by his attorneys.

**NATURE OF THE ACTION**

1. This case arises from Defendant's false, misleading, and deceptive advertising of the capabilities of certain ASUS Vivobook laptop computers Defendant sells through bestbuy.com. Specifically, Defendant advertises such laptop computers as operating at a CPU Base Clock Frequency of 3.3 gigahertz ("GHz"), when in reality such computers only operate at a Base Clock Frequency of 1.2 GHz.

2. CPU processor speed is crucial for overall computer performance because it determines how quickly the computer can execute tasks. For instance, a processor speed of 1.6 GHz to 2.5 GHz is sufficient for basis computing tasks like word processing or web browsing, but

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

higher speeds are recommended for computer gaming or professional tasks such as content creation or data analysis.[1]

3. Plaintiff, like other Illinois consumers, purchased an ASUS Vivobook laptop from Defendant through bestybuy.com based on Defendant's false representation that the laptop operated at a high CPU Base Clock frequency and thus paid for a product that does not function as advertised and warranted by Defendant.

4. Reasonable consumers like Plaintiff would not have purchased a laptop computer from Defendant had they known that Defendant's representations about the laptops' processing speeds were false.

5. Plaintiff brings this action on his own behalf and on behalf of similarly situated consumers to obtain redress for those purchased the falsely advertised ASUS Vivobook laptops from Defendant. Plaintiff, on behalf of a Class and Subclass defined below, seeks an award of damages, reasonable attorney's fees, pre-judgment interest, and injunctive relief prohibiting Defendant's unfair and deceptive advertising practices prospectively, along with any other penalties or awards that may be appropriate under applicable law.

## PARTIES

6. Plaintiff Oscar Hamera is a natural person and a citizen of Illinois.

7. Defendant Best Buy Co., Inc. is a Minnesota corporation with its headquarters in Richfield, Minnesota. Defendant maintains brick-and-mortar retail stores across the United States, including dozens in Illinois, and advertises, distributes, and sells laptop computers through bestbuy.com to consumers in Illinois and elsewhere across the United States.

[1] https://www.hp.com/us-en/shop/tech-takes/what-is-processor-speed (last visited Oct. 16, 2024).

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

## JURISDICTION AND VENUE

8. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is registered with the Illinois Secretary of State to do business in this state, Defendant is doing business within this state, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant deceptively marketed and sold Asus Vivobook laptops in this state.

9. Venue is proper in this Court pursuant to 735 ILCS 5/2-101 because Defendant is doing business in Cook County, and is thus a resident of Cook County under § 2-102, and because the transaction out of which Plaintiff's claims arise occurred in Cook County.

## FACTUAL ALLEGATIONS

10. A computer's CPU processor speed, also known as clock speed, is a key factor in a computer's overall performance. High processing speeds improve the user experience and make basic activities such as web browsing, document editing, and media playback more responsive and efficient experiences.

11. Even with a fast Internet connection, low processor speeds can slow a computer's entire system. Comcast, for instance, recommends a minimum 1.5 GHz speed for computers using Windows.[2]

12. Defendant sells various models of laptop computers on its retail website, bestbuy.com. Defendant further displays the purported characteristics of such laptops, including the laptops' screen sizes and resolutions, storage capacity, and processor speeds.

[2] https://www.xfinity.com/support/articles/determine-slow-computer-speeds (last visited Oct. 16, 2024).

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

13. One such laptop Defendant sells is the Asus 14" Vivobook, Model: X1404ZA-I38128 ("Asus 14" Vivobook"). Regarding the specifications of that laptop model, Defendant represents and warrants that it possesses a CPU Base Clock Frequency of 3.3 GHz:

**Specifications** ×



**ASUS - Vivobook 14" Laptop - Intel Core i3-1215U with 8GB Memory - 128GB SSD - Quiet Blue**

4.4 (328 Reviews)

**Key Specs**

| | |
|---|---|
| Screen Size ⓘ | 14 inches |
| Screen Resolution ⓘ | 1920 x 1080 (Full HD) |
| Touch Screen ⓘ | No |
| Brightness ⓘ | 250 nits |
| Processor Model ⓘ | Intel 12th Generation Core i3 |
| CPU Base Clock Frequency ⓘ | 3.3 gigahertz |
| Storage Type | SSD |
| Total Storage Capacity | 128 gigabytes |
| System Memory (RAM) ⓘ | 8 gigabytes |
| Graphics ⓘ | Intel Iris Xe Graphics |
| Display Connector(s) ⓘ | 1 x HDMI 1.4 |
| Battery Life (up to) ⓘ | 10 hours |
| Battery Type | Lithium-ion |
| 2-in-1 Design ⓘ | No |
| Backlit Keyboard ⓘ | No |

(https://www.bestbuy.com/site/asus-vivobook-14-laptop-intel-core-i3-1215u-with-8gb-memory-128gb-ssd-quiet-blue/6568805.p?skuId=6568805) (last visited Oct. 16, 2024).

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

14. In reality, the Asus 14" Vivobook does not possess a CPU Base Clock Frequency of 3.3 GHz. It has a CPU Base Clock Frequency of only 1.2 GHz, a mere 36% of the capability Defendant represents and warrants.

15. Notably, Defendant uses its false representation of the Asus 14" Vivobook's processor speed to entice consumers to purchase that model over cheaper models:



Menu
What can we help you find today?
Schaumburg
Cart
Sponsored

Compare similar products

| This Product ASUS - Vivobook 14" Laptop - Intel Core i3-1215U with 8GB Memory - 128GB SSD - Quiet Blue | Lenovo - Flex 5i 14" FHD Touchscreen 2-in-1 Laptop - Intel Core i3-1215U with 8GB Memory - Intel UHD Graphics - 256GB SSD - Storm Grey | ASUS 14" FHD Laptop - Intel Celeron N4500 with 4GB Memory - 64GB eMMC - Star Black | Lenovo - Ideapad 1 15.6" Full HD Touchscreen Laptop - Ryzen 5 7520U with 8GB Memory - AMD Radeon Graphics - 256GB SSD - Abyss Blue |
|---|---|---|---|
| (328) $429.99 | (196) $329.99 | (212) $119.99 | (193) $329.99 |
| **Screen Size** | | | |
| 14 inches | 14 inches | 14 inches | 15.6 inches |
| **Screen Resolution** | | | |
| 1920 x 1080 (Full HD) | 1920 x 1200 (Full HD+) | 1920 x 1080 (Full HD) | 1920 x 1080 (Full HD) |
| **Touch Screen** | | | |
| No | Yes | No | Yes |
| **Processor Model** | | | |
| Intel 12th Generation Core i3 | Intel 12th Generation Core i3 | Intel Celeron | AMD Ryzen 5 7000 Series |
| **CPU Base Clock Frequency** | | | |
| 3.3 gigahertz | 1.2 gigahertz | 1.1 gigahertz | 2.4 gigahertz |

(https://www.bestbuy.com/site/asus-vivobook-14-laptop-intel-core-i3-1215u-with-8gb-memory-128gb-ssd-quiet-blue/6568805.p?skuId=6568805) (last visited Oct. 16, 2024).

16. Thus, Defendant has been able to sell more of the Asus 14" Vivobooks, at a premium price point, than it would have absent its misrepresentations, and has continued to do so unabated.

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

17. Defendant has been informed through customer reviews on bestybuy.com, including at the latest in June 2024, that its listed processing speed of the Asus 14" Vivobook was false.

18. Consumers nationwide have reasonably relied on Defendant's representations regarding the characteristics, including the processing speed, of the computing hardware sold through bestbuy.com, including the Asus 14" Vivobook.

19. If consumers knew that Defendant's representation regarding processing speed of the Asus 14" Vivobook were false, and that the real processing speed of the Asus 14" Vivobook is a mere fraction of that represented by Defendant, they would not have bought Asus 14" Vivobooks from Defendant, or would have paid materially less for them.

**FACTS SPECIFIC TO PLAINTIFF**

20. On August 13, 2024, Plaintiff Hamera purchased an Asus 14" Vivobook from Defendant through bestbuy.com.

21. Prior to his purchase, and desiring a laptop with fast processing speeds, Plaintiff viewed Defendant's represented specifications for the Asus 14" Vivobook. Plaintiff saw and relied on Defendant's representation that the Asus 14" Vivobook had a CPU Base Clock Frequency of 3.3 GHz.

22. On August 14, 2024, Plaintiff picked up the Asus 14" Vivobook he purchased at Defendant's retail store located in Chicago, Illinois.

23. After Plaintiff started up his Asus 14" Vivobook, and after noticing that the laptop was operating at a slower level than he anticipated, Plaintiff checked the laptop's device specifications.

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

24. Contrary to Defendant's representation that the laptop Plaintiff purchased had a CPU Base Clock Frequency of 3.3 GHz, the laptop showed that it had a processing frequency of only 1.20 GHz:




25. In other words, the base processing speed of the laptop was approximately only 1/3 of the speed Defendant represented.

26. Plaintiff and other consumers who purchased the Asus 14" Vivobook through bestbuy.com were deceived and misled by Defendant's representation the laptop's base processing speed. This representation was a material factor that influenced Plaintiff's and other consumers'

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

decision to purchase the laptop from Defendant, and Plaintiff and the other consumers would not have purchased the laptop had they known that Defendant's representation of the base processing speed of the laptop was false.

27. As a result, Plaintiff and other consumers have suffered damages and out of pocket losses due to their purchases of the Asus 14" Vivobook through bestbuy.com.

28. Defendant, meanwhile, has obtained significant profits from the false marketing and false statements of the Asus 14" Vivobook on bestbuy.com.

## CLASS ACTION ALLEGATIONS

29. Pursuant to 735 ILCS 5/2-801, Plaintiff brings this action on behalf of himself and a Class and Subclass, defined as follows:

(i) The Class: All persons in the United States who purchased an Asus 14" Vivobook through bestbuy.com within the applicable statute of limitations.

(ii) The Illinois Subclass: All persons in Illinois who purchased an Asus 14" Vivobook through bestbuy.com within the applicable statute of limitations.

30. Excluded from the Class and Subclass are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any of their immediate family members.

31. Upon information and belief, there are at least hundreds of members of the Class and Subclass, making them so numerous that joinder of all members is impracticable. Although the exact number of members of the Class and Subclass is presently unknown to Plaintiff, the members can be easily ascertained and identified through Defendant's sales records.

32. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and consumer class actions. Plaintiff and his counsel are committed

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

to vigorously prosecuting this action on behalf of the other members of the Class and Subclass, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class and Subclass.

33. Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. Unless the Class and Subclass are certified, Defendant will retain the monies it wrongfully received from the members of the Class and Subclass as a result of its unfair and deceptive conduct.

34. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class and Subclass, requiring the Court' imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

35. Plaintiff's claims are typical of the claims of the other members of the Class and Subclass as Plaintiff and the other members of the Class and Subclass have all suffered harm and damages as a result of Defendant's unlawful and wrongful practice of falsely advertising and representing the processing speed of the Asus 14" Vivobook model sold through Defendant's website.

36. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

a. Whether Defendant advertised and/or warranted that the Asus 14" Vivobook had a processing speed of 3.3 GHz;

b. Whether the Asus 14" Vivobook in fact has a processing speed of 3.3 GHz;

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

c. Whether Defendant's advertising of the Asus 14" Vivobook was false or misleading;

d. Whether Defendant's conduct violated the Illinois Consumer Fraud and Deceptive Business Practices Act and other such similar consumer protection statutes;

e. Whether, as a result of Defendant's misrepresentations of material facts related to the Asus 14" Vivobook, Plaintiff and the other members of the Class and Subclass have suffered ascertainable monetary losses; and

f. Whether Plaintiff and the other members of the Class and Subclass are entitled to monetary and/or restitutionary and/or injunctive relief or other remedies, and, if so, the nature of such remedies.

37. The class treatment of these common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

**COUNT I**
**For Violations of Consumer Protection Laws**
**(on behalf of Plaintiff and the Class and Subclass)**

38. Plaintiff hereby incorporates the foregoing allegations as though fully set forth herein.

39. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 502/1 *et seq.*, as well as other materially identical consumer fraud statutes enacted by states throughout the country, prohibit deceptive acts and practices in the sale of products such as the Asus 14" Vivobook.

40. Plaintiff and the other members of the Class and Subclass are "consumers" as defined under the ICFA and other states' consumer protection laws.

41. Defendant's sales and marketing practices as alleged herein occurred in the course of trade or commerce, are addressed to the market generally, and implicate consumer protection concerns.

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

42. By affirmatively representing that the Asus 14" Vivobook has a specific listening base processing speed when the products sold in fact had a mere fraction of that base processing speed, Defendant's conduct is deceptive, unfair, and offends public policy, has caused and will continue to cause substantial injury to consumers, and constitutes an unfair and deceptive trade practice.

43. Defendant knew or should have known at all relevant times that the Asus 14" Vivobook did not have the base processing speed Defendant represented and advertised, but Defendant nonetheless continued to advertise and sell the Asus 14" Vivobook using such false representations.

44. Defendant intended for consumers to rely on its representations regarding the base processing speed of the Asus 14" Vivobook when choosing to purchase that laptop model. Laptop computers are specifically marketed and sold based on representations about their processing speeds, and consumers reasonably rely on such representations to make an informed decision as to whether the laptop models they are purchasing meet their needs and are worth their stated price.

45. Plaintiff and the other members of the Class and Subclass did reasonably rely on Defendant's misrepresentations in choosing to purchase the Asus 14" Vivobook and would not have purchased the products they bought, or would have paid materially less for them, had Defendant not made the false and deceptive claims regarding the Asus 14" Vivobook's base processing speed.

46. As a direct and proximate result of Defendant's deceptive and unfair practices, Plaintiff and the other members of the Class and Subclass have suffered actual damages and pecuniary losses, including monetary losses for the full purchase price of the Asus 14" Vivobook.

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

47. Defendant's conduct is in violation of the ICFA and other states' consumer protection laws, and pursuant to 815 ILCS 505/10a and other such states' consumer protection laws, Plaintiff and the other members of the Class and Subclass are entitled to damages in an amount to be proven at trial, reasonable attorney's fees, injunctive relief prohibiting Defendant's unfair and deceptive advertising prospectively, and any other penalties or awards that may be appropriate under applicable law.

**COUNT II**
**Breach of Express Warranty**
**(on behalf of the Plaintiff and the Class and Subclass)**

48. Plaintiff hereby incorporates the foregoing allegations as if fully set forth herein.

49. At all times relevant, all fifty States and the District of Columbia and Puerto Rico have codified and adopted the provisions of the Uniform Commercial Code governing express warranties: Ala. Code § 7-2-313; Alaska Stat. § 45.02.313; Ariz. Rev. Stat. Ann. § 47-2313; Ark. Code. Ann. § 4-2-313; Cal. Com. Code § 2313; Colo. Rev. Stat. § 4-2-313; Conn. Gen. Stat. Ann. § 42a-2-313; 6 Del. Code. § 2-313; D.C. Code. § 28:2-313; Fla. Stat. Ann. § 672.313; Ga. Code. Ann. § 11-2-313; Haw. Rev. Stat. § 490:2-313; Idaho Code § 28-2-313; 810 Ill. Comp. Stat. Ann. 5/2-313; Ind. Code Ann. § 26-1-2-313; Kan. Stat. Ann. § 84-2-313; Ky. Rev. Stat. Ann. § 355.2-313; 11 Me. Rev. Stat. Ann. § 2-313; Md. Code. Ann. § 2-313; Mass. Gen. Law Ch. 106 § 2-313; Mich. Comp. Laws Ann. § 440.2313; Minn. Stat. Ann. § 336.2-313; Miss. Code Ann. § 75-2-313; Mo. Rev. Stat. § 400.2-313; Mont. Code Ann. § 30-2-313; Nev. Rev. Stat. U.C.C. § 104.2313; N.H. Rev. Ann. § 382-A:2-313; N.J. Stat. Ann. § 12A:2-313; N.M. Stat. Ann. § 55-2-313; N.Y. U.C.C. Law § 2-313; N.C. Gen. Stat. Ann. § 25-2-313; N.D. Stat. § 41-02-313; Ohio Rev. Code Ann. § 1302.26; Okla. Stat. tit. 12A § 2-313; Or. Rev. Stat. § 72.3130; 13 Pa. C.S. § 2313; P.R. Laws. Ann. Tit. 31, § 3841, et seq.; R.I. Gen. Laws § 6A-2-313; S.C. Code Ann. § 36-2-313; S.D.

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

Stat. § 57A-2-313; Tenn. Code Ann. § 47-2-313; Tex. Bus. & Com. Code Ann. § 2-313; Utah Code Ann. § 70A-2-313; Va. Code § 8.2-313; Vt. Stat. Ann. 9A § 2-313; W. Va. Code § 46-2-313; Wash. Rev. Code § 62A 2-313; Wis. Stat. Ann. § 402.313; and Wyo. Stat. § 34.1-2-313.

50. Through Defendant's product labeling and advertising – especially its statement that the Asus 14" Vivobook had a base processing speed of 3.3 GHz – Defendant expressly warranted to Plaintiff and the other members of the Class and Subclass that the Asus 14" Vivobook has a base processing speed that was faster than other comparable laptop models. Defendant's labeling, marketing, and advertising statements constitute express warranties and became part of the basis of the bargain between Plaintiff and the members of the Class and Subclass on the one hand, and Defendant on the other.

51. Defendant breached the express warranties it made about the Asus 14" Vivobook because, as set forth above, the products purchased by Plaintiff and the other members of the Class and Subclass do not actually have a base processing speed of 3.3 GHz. Rather, the Asus 14" Vivobook has a base processing speed of only 1.2 GHz.

52. Plaintiff and the other members of the Class and Subclass would not have purchased their Asus 14" Vivobooks through bestbuy.com, or would have paid materially less for them, had they known Defendant's affirmations and promises were false.

53. As a direct and proximate result of Defendant's breach of its express warranties, Plaintiff and the members of the Class and Subclass have suffered monetary damages in the amount of the purchase price of their Asus 14" Vivobooks and any consequential damages resulting from the purchases.

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

**COUNT III**
**Common Law Fraud**
**(on behalf of Plaintiff and the Class and Subclass)**

54. Plaintiff hereby incorporates the foregoing allegations as though fully set forth herein.

55. Through its affirmative misrepresentations, omissions, suppressions, and concealments of material facts, Defendant defrauded Plaintiff and the Class and Subclass members by leading them to believe that the Asus 14" Vivobooks possessed material characteristics that they in fact do not—namely, that the Asus 14" Vivobook has a base processing speed of 3.3 GHz, when it in fact has a base processing speed of 1.2 GHz.

56. Through Defendant's advertising and marketing efforts shown above, including Defendant's advertisements on bestbuy.com, Defendant has consistently repeated the falsehood that the Asus 14" Vivobook has a base processing speed of 3.3 GHz.

57. These same advertising and marketing efforts were made both throughout Illinois and nationwide.

58. Defendant's representations were false, as detailed herein. Further, through its own product testing, recordkeeping, and/or receipt of consumer complaints, Defendant knew or should have known such representations were false when it made them and continued to make them and thereby intended to defraud purchasers.

59. Defendant actively concealed its misrepresentations and omissions from the Class and Subclass members and the public.

60. Because a laptop computer's base processing speed is an important reference point for consumers, Plaintiff and the Class and Subclass members did in fact rely upon Defendant's misrepresentations in the course of making their purchase. Defendant's misrepresentations and omissions about the Asus 14" Vivobook were material.

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

61. To the extent applicable, Plaintiff and other Class and Subclass members were justified in relying on Defendant's misrepresentations and omissions. The same or substantively identical misrepresentations and omissions were communicated to each Class and Subclass member, including through product labeling and other statements by Defendant. No reasonable consumer would have paid what they did for the Asus 14" Vivobook but for Defendant's unlawful conduct. To the extent applicable, reliance may be presumed in these circumstances.

62. As a direct and proximate result of Defendant's intentional misrepresentations and concealment of facts, Plaintiff and the other members of the Class and Subclass have sustained damages in an amount to be determined at trial.

**COUNT IV**
**Unjust Enrichment**
**(on behalf of the Class and Subclass)**

63. Plaintiff hereby incorporates the foregoing allegations as though fully set forth herein.

64. Plaintiff and the other members of the Class and Subclass conferred a benefit on Defendant by purchasing their Asus 14" Vivobooks from Defendant through bestbuy.com. Defendant unjustly and unlawfully retained this benefit by failing to provide a product that conformed to Defendant's representations about the product. The amount of the benefit Defendant unlawfully gained is measurable based on the purchase price of the product and any price premium paid for laptop computers with fast processing speeds at the level Defendant represented.

65. It is inequitable and unjust for Defendant to retain the revenues obtained from Plaintiff's and the other Class and Subclass members' purchases of the Asus 14" Vivobook because Defendant misrepresented the base processing speed of the Asus 14" Vivobook in its product labeling, and omitted the true processing speed, and Plaintiff and the other members of

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

the Class and Subclass would not have purchased the products that they bought, or would have paid materially less for them, had Defendant not made these misrepresentations.

66. Defendant's retention of these benefits violate fundamental principles of justice, equity, and good conscience.

67. Accordingly, because Defendant will be unjustly enriched if it is allowed to retain such funds, Defendant must disgorge any benefit it has unjustly retained and pay restitution to Plaintiff and the other Class and Subclass members in the amount which Defendant was unjustly enriched by each purchase of the Asus 14" Vivobook through bestbuy.com.

WHEREFORE, Plaintiff, on behalf of himself and the Class and Subclass, prays for the following relief:

A. An order certifying the Class and Subclass as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

B. An award to Plaintiff and Class Members of all damages, including actual, compensatory, and consequential damages and/or restitution and disgorgement associated with the conduct for all causes of action in an amount to be proven at trial, including but not limited to the full amounts paid for the products an the costs to replace or return the products;

C. An award of interest as provided by law, including but not limited to pre-judgment and post-judgment interest as provided by rule or statute;

D. An award of reasonable attorney's fees and costs; and

E. Such other and further relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

FILED DATE: 10/16/2024 9:45 AM 2024CH09493

Dated: October 16, 2024

Respectfully submitted,

OSCAR HAMERA, individually and on behalf of similarly situated individuals

By: /s/ Timothy P. Kingsbury
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury
KINGSBURY LAW LLC
Firm ID: 101695
8 S. Michigan Ave., Ste. 2600
Chicago, IL 60603
Tel: (312) 291-1960
tim@kingsburylawllc.com

*Counsel for Plaintiff and the putative Class and Subclass*

FILED
10/17/2024 2:06 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH09493
Calendar, 16
29823923

FILED DATE: 10/17/2024 2:06 PM 2024CH09493

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| OSCAR HAMERA, individually and on behalf of all similarly situated individuals, | ) | |
| *Plaintiff*, | ) | No. 2024CH09493 |
| v. | ) | Hon. David B. Atkins |
| BEST BUY CO., INC., a Minnesota corporation, | ) | |
| *Defendant*. | ) | |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY**

Plaintiff Oscar Hamera, by and through his undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class and Subclass proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g.*, *Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011). In support of his Motion, Plaintiff submits the following Memorandum of Law.

Dated: October 17, 2024

Respectfully submitted,

OSCAR HAMERA, individually and on behalf of similarly situated individuals

By: /s/ Timothy P. Kingsbury
*One of Plaintiff's Attorneys*

FILED DATE: 10/17/2024 2:06 PM 2024CH09493

Timothy P. Kingsbury
KINGSBURY LAW LLC
Firm ID: 101695
8 S. Michigan Ave., Ste. 2600
Chicago, IL 60603
Tel: (312) 291-1960
tim@kingsburylawllc.com

*Counsel for Plaintiff and the Putative Class*

FILED DATE: 10/17/2024 2:06 PM 2024CH09493

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIEY, FOR A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY**

This Court should certify a class ("Class") and Illinois subclass of individuals who purchased an ASUS 14" Vivobook, Model: X1404ZA-I38128 ("ASUS 14" Vivobook") from Defendant Best Buy Co., Inc. ("Defendant") through bestbuy.com.

## I. FACTUAL BACKGROUND

### A. The Underlying Misconduct.

Defendant Best Buy Co., Inc. ("Defendant") owns and operates bestbuy.com, through which it sells various types of consumer electronics, including laptop computers. (Compl. ¶¶ 1, 12). One such laptop Defendant sells is the Asus 14" Vivobook, which Defendant represents to have a CPU Base Clock Frequency, or base processing speed, of 3.3 gigahertz ("GHz"). (*Id.* ¶ 13). In reality, however, the Asus 14" Vivobook has a base processing speed of only 1.2 gigahertz. (*Id.* ¶ 14).

On August 13, 2024, Plaintiff Oscar Hamera ("Plaintiff") purchased an Asus 14" Vivobook from Defendant through bestbuy.com. (*Id.* ¶ 20). Prior to his purchase, and desiring a laptop with fast processing speeds, Plaintiff viewed Defendant's represented specifications for the Asus 14" Vivobook. Plaintiff saw and relied on Defendant's representation that the Asus 14" Vivobook had a CPU Base Clock Frequency of 3.3 GHz. (*Id.* ¶ 21). After Plaintiff started up his Asus 14" Vivobook, and after noticing that the laptop was operating at a slower level than he anticipated, Plaintiff checked the laptop's device specifications, and saw that the laptop had a base processing speed of only 1.2 GHz. (*Id.* ¶ 23–24).

FILED DATE: 10/17/2024 2:06 PM 2024CH09493

### B. The Proposed Class

Plaintiff brings this action on behalf of himself and a Class and Subclass of similarly situated individuals pursuant to 735 ILCS § 5/2-801, defined as follows:

> **Class:** All persons in the United States who purchased an Asus 14" Vivobook through bestbuy.com within the applicable statute of limitations.
>
> **Illinois Subclass:** All persons in Illinois who purchased an Asus 14" Vivobook through bestbuy.com within the applicable statute of limitations.

(Compl. ¶ 29). As explained below, the proposed Class and Subclass satisfy each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class and Subclass can obtain appropriate redress for Defendant's unlawful conduct.

## II. ARGUMENT

### A. Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that he will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

FILED DATE: 10/17/2024 2:06 PM 2024CH09493

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1) The class is so numerous that joinder of all members is impracticable.
> (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3) The representative parties will fairly and adequately protect the interest of the class.
> (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court

FILED DATE: 10/17/2024 2:06 PM 2024CH09493

should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B. The Numerosity Requirement is Satisfied**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are hundreds of members of the Class. (Compl. ¶ 31). Because definitive evidence of numerosity can only come from the records of Defendant and/or its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout the country, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

FILED DATE: 10/17/2024 2:06 PM 2024CH09493

### C. Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same conduct by Defendant, *i.e.* the falsely representing the Asus 14" Vivobook's base processing speed, are based on materially identical legal theories, and implicate, among others, the following common issues: whether Whether Defendant advertised and/or warranted that the Asus 14" Vivobook had a processing speed of 3.3 GHz; whether the Asus 14" Vivobook in fact has a processing speed of 3.3 GHz; whether Defendant's advertising of the Asus 14" Vivobook was false or misleading; and Whether, as a result of Defendant's misrepresentations of material facts related to the Asus 14" Vivobook, Plaintiff and the other members of the Class and Subclass have suffered ascertainable monetary losses. (Compl. ¶ 36).

As alleged, and as will be shown through obtainable evidence, any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

FILED DATE: 10/17/2024 2:06 PM 2024CH09493

### D. Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp*., 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interest as the members of the proposed Class and Subclass. Plaintiff has alleged that, like the other members of the Class and Sbucalss, he was deceived by Defendant's false representation that the Asus 14" Vivobook had a base processing speed of 3.3 GHz, such that Plaintiff and the other members of the Class and Subclass have suffered ascertainable monetary losses. Plaintiff's pursuit of this matter against Defendant demonstrates that he will be a zealous advocate for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E. Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-

FILED DATE: 10/17/2024 2:06 PM 2024CH09493

801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. Here, absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendant's conduct is corrected and to compensate those individuals who have had their consumer rights violated. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

FILED DATE: 10/17/2024 2:06 PM 2024CH09493

## III. CONCLUSION

For the reasons set forth above, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully request that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing Kingsbury Law LLC as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: October 17, 2024

Respectfully submitted,

OSCAR HAMERA, individually and on behalf of similarly situated individuals

By: /s/ Timothy P. Kingsbury
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury
KINGSBURY LAW LLC
Firm ID: 101695
8 S. Michigan Ave., Ste. 2600
Chicago, IL 60603
Tel: (312) 291-1960
tim@kingsburylawllc.com

*Counsel for Plaintiff and the putative Class and Subclass*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on October 17, 2024, a copy of *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* was filed electronically with the Clerk of Court using the e-filing system, with a copy to be delivered to the Defendant's registered agent.

/s/ Timothy P. Kingsbury